**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 21-cr-00296-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

PATRICK DUANE TRUJILLO,

      Defendant.

_____

**UNITED STATES' RESPONSE TO DEFENDANT'S STATEMENT IN ADVANCE OF**
**FINAL REVOCATION HEARING**
_____

      The United States of America, by and through United States Attorney Cole Finegan and Assistant United States Attorney Albert Buchman, respectfully files this Response to Defendant's "Statement in Advance of Revocation Hearing." Dkt. 23. In his Statement, Defendant requests a time-served prison sentence followed by 31 months of supervised release. *Id*. In opposition, the Government joins the United States Probation Office's recommendation for a bottom-guidelines, seven-month prison sentence and a 30-month supervised release term.[1]

**<u>Guidelines Calculation</u>**

---

[1] Defendant requests a 31-month supervised release term in contrast to Probation's 30-month recommendation. Dkt. 23. As noted below, the Government believes that an additional supervised release term is appropriate and thus does not object to Defendant's proposed additional month of supervision.

The guidelines calculation in the Violation Report is uncontested. Dkt. 22 at 3. Defendant was originally convicted of a Class C felony and had a criminal history of Category V at the time of sentencing. *Id.* For a Grade C violation, the highest violation here, Defendant's guidelines range on revocation is seven to 13 months imprisonment pursuant to USSG § 7B1.4(a). *Id.*

## <u>Government's Position</u>

The Government asserts that a bottom-guidelines, seven-month prison sentence is justified under the factors enumerated in 18 U.S.C. § 3553(a). To begin, the Government appreciates Defendant's initial engagement with supervised release, the fact that Defendant's violations here do not include additional law violations, and Defendant's newly found motivation to succeed. *See* Dkt. 22 at 4; Dkt. 23 at 2-3 ("the successful life became addictive to Mr. Trujillo"). In consideration of 18 U.S.C. § 3553(a)(2)(D) (rehabilitation), the Government recommends an additional 30-month term of supervised release be imposed, especially as it serves to address Defendant's mental health and provide support to help him succeed.

The Government asserts, however, that a prison sentence (with appropriate credit) is important in the present case to (1) meaningfully sanction Defendant for his repeated violations that breached the Court's trust, *see* USSG § 7A.3(b); *United States v. Webb*, 559 Fed. Appx. 704, 707 (10th Cir. 2014); (2) impress upon Defendant the importance of compliance to address his own needs; and (3) deter him from future recidivism that could endanger safety of the community. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B) and (C).

First, the broad extent of Defendant's numerous Grade C violations justify a prison

term. Approximately three-months into his three-year supervised release term, Defendant violated five supervised release conditions that centered on absconding the District of Colorado without notification and failing to participate in needed mental health treatment. This breakdown in supervision is concerning when viewed in the context previous non-compliance with state probation supervision, which he was subject to when he committed the offense in the present case. *See* Dkt. 7, ¶¶ 31, 33, 35 (PSR highlighting previous probation terms). Accordingly, a bottom-guidelines sentence is important to meaningfully sanction Defendant's numerous (and not insignificant) breaches and to stress the importance of future compliance. *See* USSG § 7A.3(b).

Second, Defendant, now age 36, has continuous criminal history from age 18. *See* Dkt. 7, ¶¶ 26-40. The Government acknowledges that Defendant appears to not have reoffended while on supervised release and after absconding. *See* Dkt. 6. However, in light of Defendant's criminal history, the Government must nevertheless assert that a bottom-guidelines sentence is important to deter Defendant from future recidivism that could endanger the public. *See* 18 U.S.C. § 3553(a)(2)(B) and (C).

## Conclusion

A sentence of seven-months imprisonment and 30 months of supervised release

//

//

3

is sufficient, but not greater than necessary, to accomplish the sentencing goals set forth

in 18 U.S.C. §§ 3553(a) and 3583(e).

DATED this 2nd day of March, 2022.

COLE FINEGAN
United States Attorney


s/ Albert Buchman
ALBERT BUCHMAN
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Telecopier: (303) 454-0403
E-mail: Al.buchman@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

s/ *Albert Buchman*
ALBERT BUCHMAN
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Telecopier: (303) 454-0403
E-mail: Al.buchman@usdoj.gov