CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. VS. PATRICK DUANE TRUJILLODKT. NO. 1:21CR00296-1

## PETITION FOR WARRANT ON PERSON UNDER SUPERVISION

COMES NOW, Alexandria Oliveras, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Patrick Duane Trujillo, who was placed on supervision by the Honorable Daniel D. Domenico, sitting in the United States District Court in Denver, on March 11, 2022. The defendant was sentenced to 6 months' imprisonment and 30 months' supervised release for violations of supervised release related to his original conviction for an offense of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). This is the defendant's second term of supervised release as there has been one prior revocation (See Documents 1-1 and 27, Judgment in a Criminal Case and Judgment for Revocation of Supervised Release). Supervision commenced on April 15, 2022 and is set to expire on October 14, 2024. As noted in the judgment, the Court ordered mandatory, special, and standard conditions of supervision. On May 31, 2022, an Order Regarding Request for Modification of the Conditions of Supervision [Document 28] was signed by the Court. The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATIONS ALLEGED:**

1. **FAILURE TO RESIDE IN/ FOLLOW THE RULES OF THE RESIDENTIAL REENTRY CENTER (RRC):**

On September 29, 2022, the defendant's placement at the Independence House Reentry Center was terminated due to noncompliance, which constitutes a Grade C violation of supervised release.

On June 3, 2022, the defendant's placement began at Independence House South Federal RRC facility as a special condition of his supervised release. Since that time, the defendant has received nine (9) incident reports.

On September 29, 2022, the defendant's placement at Independence House South Federal RRC was rejected by Program Director Matt Brandt, due to a compelling safety concern having the defendant in the community and that participation in the program will produce no further significant benefits. The defendant failed to follow the rules of the RRC which included possession of contraband on at least two occasions, submitting positive urine screens, smoking where prohibited and being unaccounted for in the community.

Case 1:21-cr-00296-DDD   Document 30   Filed 09/30/22   USDC Colorado   Page 2 of 4

Patrick Duane Trujillo  
1:21CR00296-1

Petition for Warrant on Person Under Supervision  
Page 2

September 30, 2022

On September 28, 2022, the defendant accrued three incident reports. The defendant's whereabouts were unknown twice for numerous hours. At 7:10 p.m., after the defendant reported back to the RRC an hour and 40 minutes late, he was directed by RRC staff to submit a urine sample. The defendant refused to submit to a drug test as directed, specifically, the defendant responded, "I need to go upstairs and take a shit".

2. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On May 28, 2022, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

On May 28, 2022, the defendant submitted a random urine screen at Independence House North (IHN) that tested positive for amphetamines. On July 1, 2022, the defendant said he was having a difficult time while living at his grandmother's house and during an approved location monitoring pass, the defendant saw someone at the bus stop whom he knew from the past and whom he knew uses methamphetamine. The defendant admitted snorting one line of methamphetamine. The defendant acknowledged he "messed up".

3. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On June 3, 2022, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

On June 3, 2022, the defendant submitted a random urine screen at the RRC that tested positive for methamphetamines. On June 9, 2022, the RRC received notification indicating the defendant's urine sample tested positive for amphetamines/methamphetamines. On June 11, 2022, the defendant was contacted at the RRC to address his positive drug test result. The defendant stated he was thinking of giving up since he was staying in a motel without family support, lacked financial resources and did not want to be in Colorado; therefore, he snorted a line of "meth" that he found in his hotel room. The defendant was questioned as to why he would snort something unknown to him that he found in a hotel room. The defendant said, "I know what meth looks like, I've sold it and used in the past".

4. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On July 28, 2022, the defendant used or administered a controlled substance, marijuana, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

Case 1:21-cr-00296-DDD   Document 30   Filed 09/30/22   USDC Colorado   Page 3 of 4

Patrick Duane Trujillo  
1:21CR00296-1

Petition for Warrant on Person Under Supervision  
Page 3

September 30, 2022

On July 28, 2022, the defendant submitted a random urine screen at RRC that tested positive to for marijuana. On August 30, 2022, the defendant said he went to Walmart, coincidently ran into his cousin, and took a hit of his cousin's marijuana cigarette. According to the defendant, his drug use was triggered by his counselor's resignation, the death of his cousin and the feeling of having lost everything. The defendant was apologetic for his behavior and admitted to using.

5. **FAILURE TO REPORT TO THE PROBATION OFFICER AS DIRECTED:**

On September 9, 2022, the defendant was directed to report to the probation officer on September 29, 2022, at 1:00 p.m., and he failed to do so, which constitutes a Grade C violation of supervised release.

On September 9, 2022, the defendant reported to the office to address his cognitions and substance abuse. The defendant was provided a follow up appointment for September 29, 2022, at 1:00 p.m. I provided the defendant my business card with his two September appointments (mental health and office appointment). Afterwards, I emailed the defendant with the scheduled office appointment, and I copied his case manager. In addition, the defendant's RRC case manager indicated she printed the defendant's passes and the email I sent the defendant. The defendant failed to report as instructed.

## STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's current conviction and the alleged violations, the probation officer requests a warrant for the defendant's arrest due to the potential danger presented by the defendant. The defendant has progressively failed to follow directives and is now being terminated from the only structured environment we have to offer him in the community. The defendant has shown a blatant disregard of the conditions set forth by the Court, has refused to apply the life skills the undersigned officer taught him and is now homeless. At this point, it is believed that there are no conditions that could be set to improve the defendant's willful noncompliance or to minimize his danger to the community; therefore, a warrant is recommended.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Alexandria Oliveras*  
  Alexandria Oliveras  
  Place:   Denver  
  Date:    September 30, 2022

*s/Walter Vanni*  
  Walter Vanni  
  Supervisory United States Probation Officer  
  Place:   Denver  
  Date:    September 30, 2022

## PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is 2 years' imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade C violation. The defendant's criminal history is a Category V, thus the advisory guideline range for revocation is 7 to 13 months of imprisonment.

## STATEMENT IN SUPPORT OF DETENTION AT INITIAL APPEARANCE:

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings. Pursuant to 18 U.S.C. § 3143(a), the defendant is viewed as presenting a risk of flight and danger to the community. This determination is made based on the defendant previously absconding during his prior term of supervision, his criminal history which includes firing a handgun while resisting arrest, felony menacing, assault, and harassment, his drug use, and his continued noncompliance of the RRC rules and regulations. Lastly, his RRC placement has been rejected, which is the only structured environment we can provide for the defendant in the community.

Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.